UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 22-cr-336(1) (DWF/DJF)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT AND |
| v. | ) | SENTENCING STIPULATIONS |
| | ) | |
| CLINTON JAMES WARD, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and the defendant, CLINTON JAMES WARD, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Indictment. Count 1 charges him with conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count 2 charges him with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). The government agrees to move to dismiss the remaining counts of the Superseding Indictment as to this defendant at the time of sentencing.

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Counts 1 and 2 of the Superseding Indictment. By pleading guilty, the defendant admits the following facts and admits that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

a.  From in or about January 4, 2019, and continuing through on or about March 11, 2024, the defendant was a drug dealer based in Mexico who would obtain methamphetamine from Mexican cartel members and who would find ready buyers of methamphetamine in the Twin Cities area. He would then arrange to distribute methamphetamine to his customers using a network of drug distributors and money runners.

b.  During the same period, the defendant engaged in a continuing criminal enterprise by violating numerous felony provisions of Title 21, Chapter 13, Subchapter I, Part D of the United State Code, more specifically, the felonies alleged in Counts 1, 3-5, 8-9, 12, 14-18 and 22-26 of the Superseding Indictment. He did so in concert with five or more other persons with respect to whom he occupied a position of organizer, a supervisory position, and other positions of management, and obtained substantial income and resources as a result.

c.  The defendant stipulates and agrees that he knowingly and intentionally conspired with numerous others to distribute 50 grams or more of actual methamphetamine, that he engaged in a continuing criminal enterprise, that he possessed and distributed thousands of pounds of methamphetamine in furtherance of the conspiracy and the continuing criminal enterprise, that he obtained hundreds of thousands of dollars from his drug trafficking activities, that he acted voluntarily, and that he knew his actions violated the law.

3.  **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based

upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pretrial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the

United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.  **Statutory Penalties (Count 1)**. The defendant understands that Count 1 of the Superseding Indictment, charging the defendant with conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, is a felony offense that carries the following statutory penalties:

    a.  a mandatory minimum of 10 years in prison;

    b.  a maximum of life in prison;

    c.  a supervised release term of at least five years and up to a maximum supervised release term of life;

    d.  a maximum fine of $10,000,000;

    e.  a mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013(a)(2)(A);

    f.  the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1);

    g.  assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920; and

    h.  the forfeiture of drug-related assets.

7.  **Statutory Penalties (Count 2)**. The defendant understands that Count 2 of the Superseding Indictment, charging the defendant with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a), is a felony offense that carries the following statutory penalties:

    a.  a mandatory minimum of 20 years in prison;

4

b.   a maximum of life in prison;

c.   a supervised release term of five years;

d.   a maximum fine of $2,000,000;

e.   a mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013(a)(2)(A);

f.   the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1);

g.   assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920; and

h.   the forfeiture of drug-related assets.

8.   **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. §§ 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guideline calculations:

a.   Base Offense Level.

(1) Count 1: The parties agree that the base offense level for Count 1 is 38 (45 kilograms or more of methamphetamine). USSG § 2D1.1(c)(1).

(2) Count 2: The parties agree that the base offense level for Count 2 is 42. USSG § 2D1.5(a)(1).

b.   Specific Offense Characteristics.

(1) Count 1: The parties agree that the offense level for Count 1 should be increased by two levels because the offense involved the

5

importation of methamphetamine. USSG § 2D1.1(b)(5). The parties also agree that the base offense level for Count 1 should also be increased by two levels because the defendant was directly involved in the importation of a controlled substance and committed the offense as part of a pattern of criminal conduct engaged in as a livelihood. USSG § 2D1.1(b)(16).

(2) <u>Count 2</u>: The parties agree that no other specific offense characteristics apply to Count 2.

c. <u>Chapter 3 Adjustments</u>. The parties agree that the defendant should receive a four-level increase for Count 1 because he was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive. USSG § 3B1.1(a). The parties agree that no other Chapter 3 adjustments apply except for acceptance of responsibility as outlined below.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional one-level reduction pursuant to USSG § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. The defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to USSG §§ 3C1.1 and 3E1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into criminal history category VI. USSG § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court

6

based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this plea agreement.

f.  <u>Guideline Range</u>. The parties agree that the adjusted offense level for both Counts 1 and 2 is 39. With a criminal history category is VI, this produces a Sentencing Guidelines range of 360 months to life imprisonment (39/VI).

g.  <u>Fine Range</u>. If the adjusted offense level is 39, the Sentencing Guidelines fine range would be $50,000 to $10,000,000. USSG § 5E1.2.

h.  <u>Supervised Release</u>. The Sentencing Guidelines specify a term of supervised release of five years. USSG § 5D1.2.

9.  **Revocation of Supervised Release**. The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3); USSG §§ 7B1.4 and 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10.  **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the

applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation**. The government agrees to ask the Court to impose a term of imprisonment of not more than 240 months. The defendant reserves the right to make motions for departure under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a). If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to USSG § 5E1.3. The defendant agrees to pay the special assessment.

13. **Forfeitures**. The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any and all property constituting, or derived from, any proceeds he obtained directly or indirectly as a result of Counts 1 and 2 of the Superseding Indictment, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violation.

14. **Waiver of Appeal**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, his sentence, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that

excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment above 240 months. The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 240 months.

15. **Waiver of Collateral Attack**. The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal. The defendant has discussed the waiver-of-appeal and waiver-of-collateral-attack provisions with his attorney. The defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily.

16. **FOIA Requests**. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

17. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the

9

defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

LISA D. KIRKPATRICK
Acting United States Attorney

Date: 3/6/25

BY: THOMAS M. HOLLENHORST    for
Assistant United States Attorney
Attorney ID No. 46322

Date: 3-6-25

CLINTON JAMES WARD
Defendant

Date: 3/6/25

KURT B. GLASER, ESQ.
Attorney for Defendant